ROBERT C. MARTINSON and EVELYN L. MARTINSON, appellants, v. IOWA STATE HIGHWAY COMMISSION, appellee.

No. 51604.

(Reported in 134 N.W.2d 340)

688

APRIL 6, 1965.

Brierly, McCall & Girdner, of Newton, for appellants.

Lawrence F. Scalise, Attorney General, Raymond T. Walton, Special Assistant Attorney General and Counsel to Iowa State Highway Commission, James E. Thomson, State Counsel, Iowa State Highway Commission, and Campbell, Campbell & Caldwell, of Newton, for appellee.

STUART, J.—Defendant, to bypass Newton with State Highway 14, condemned about 11 acres of land out of plaintiffs' farm. The condemned strip contained a pond and divided the farm into a 51-acre tract of pasture and meadowland and a 21-acre tract on which all improvements were located. The jury returned a verdict of $14,250 for plaintiffs, who have appealed, assigning error in the admission of certain evidence. We affirm the trial court.

I.  Plaintiffs first assign error in connection with the testimony of Tom Hill, a Newton realtor and one of defendant's valuation witnesses. In his opinion the fair market value im-

mediately before condemnation was $54,000. He valued the land and improvements separately and "rounded off" the total to arrive at his valuation.

The direct examination indicated. he arrived at the fair market value *after* condemnation by placing a monetary value on (1) land actually taken, (2) the farm pond, (3) loss in building value because of the taking, (4) difference in land value because of the severance and (5) additional fencing expenses. The total of these items was deducted from the *before* value to arrive at after value. A motion to strike the testimony was made. The trial court permitted the evidence of before value to stand and sustained the motion as to the value after condemnation. We believe both rulings were correct.

■ The correct measure of damages in a partial taking is, of course, the difference in the fair market value of the subject property immediately before and immediately after condemnation. Hall v. City of West Des Moines, 245 Iowa 458, 62 N.W.2d 734; Randell v. Iowa State Highway Commission, 214 Iowa 1, 241 N.W. 685; Hoeft v. State of Iowa, 221 Iowa 694, 696, 266 N.W. 571, 104 A. L. R. 1008.

■■ The approaches to market value before condemnation used by Mr. Hill, are those generally used by appraisers in attempting to arrive at fair market value. In fact, Mr. J. D. Shepard, witness for plaintiffs, used the same approaches, along with one other, in arriving at his opinion of fair market value. A witness may support his valuation by relating matters which affected his judgment. The admissibility of collateral facts in support of estimates of value is a matter which must be left largely to the discretion of the presiding judge. Ranck v. City of Cedar Rapids, 134 Iowa 563, 570, 111 N.W. 1027; Harmsen v. Iowa State Highway Commission, 251 Iowa 1351, 1354, 105 N.W.2d 660, 662; Trachta v. Iowa State Highway Commission, 249 Iowa 374, 380, 86 N.W.2d 849, 853.

In the Ranck case witnesses were permitted to value the land as a vacant lot and to value the improvements located on it separately. We said on page 565 of 134 Iowa "it seems to be fairly well established that proof of such facts is admissible—not as affording a measure of recovery, but as tending to disclose the

real character and conditions of the property—and support the estimates of value given by the witnesses."

In Randell v. Iowa State Highway Commission, supra, page 10, many cases are cited in which the court permitted evidence of value of specific improvements on the land. There was no error in admitting Mr. Hill's testimony on the value before condemnation.

Mr. Hill should have determined the fair market value after condemnation in the same manner. In the testimony which was stricken, however, he did not do so. Specific values were assigned to each element of damage and the total was subtracted from the before value to arrive at after value. He misconceived the ultimate fact to be determined. We do not use the estimates of the losses to arrive at after value, but use after value to determine the actual loss. If we were to approve of the method used by Mr. Hill, there would be no occasion to determine after value. The total of the specified amounts would be the proof of damages. This is not and never has been the law in Iowa. A condemnee is damaged to the extent his property is diminished in value by the condemnation. A total of values assigned to the various elements of damages may or may not reflect this diminished value accurately.

This specific question does not seem to have been directly presented to this court. However, in Hoeft v. State of Iowa, 221 Iowa 694, 697, 266 N.W. 571, 104 A. L. R. 1008, it was contended that it was improper to show the value of separate tracts of land. We said: "This contention is based upon the theory that the cost of separate items of injury to the property cannot be offered in evidence in determining the owner's damage, because the measure of damages is the difference between the value of the land immediately before the condemnation and immediately thereafter. It is no doubt true that it is the law that separate items of damage to the property cannot be shown to determine the owner's damage." (Citing cases)

This is analogous to the cases in which it has been sought to show the amount of additional expenses claimed to be necessary because of the condemnation. In Trachta v. Iowa State Highway Commission, 249 Iowa 374, 379, 86 N.W.2d 849, the question was

the cost of a new corral. We said: "By reason and by precedent we recognize the general rule that the various detriments may be shown in such matters, but estimates of costs necessary to offset the detriment for erecting new structures such as buildings, fences, walls, and drain tile cannot be shown."

Similar language is found in Harmsen v. Iowa State Highway Commission, 251 Iowa 1351, 1353, 105 N.W.2d 660 (cost of floodgate); Randell v. Iowa State Highway Commission, 214 Iowa 1, 16, 241 N.W. 685 (hypothetical fence); Dean v. State of Iowa, 211 Iowa 143, 233 N.W. 36 (fencing). We hold the trial court correctly struck Mr. Hill's testimony of after valuation under the state of the record at that time.

■ This brings us to plaintiffs' real complaint. Upon further examination Mr. Hill, using a proper basis, testified the fair market value immediately after condemnation was $43,200. Plaintiffs claim: "It is prejudicial and improper to permit the witness to later retract his testimony and state that the same figures that had been used previously were still the figures he would use as the value after the condemnation but that such valuation was arrived at by proper valuation rather than the use of an improper measure of damage."

■ Frequently it is necessary for a witness to correct, alter or change his testimony. Such action affects his credibility, which is a matter for the jury. In this case, it is for it to determine whether the similarity in the after values arrived at in two different ways, one proper and one improper, is contrived or coincidental.

Plaintiffs' contention is quite similar to one made by defendant in Nelson v. Iowa State Highway Commission, 253 Iowa 1248, 1253, 115 N.W.2d 695. There, one of plaintiffs' valuation witnesses testified he based the fair market value on "what it is worth to Mr. Nelson." Later he based the same valuation on "the value a willing seller would take and a willing buyer would give." We said:

"In its motion for a new trial defendant urged error in allowing this testimony to be considered after the witness testified to an improper measure of damage. * * *

"The record does not bear out the complaint lodged against

the witness's value testimony. When he finally left the stand he had answered questions containing a proper measure of damages. Hamer v. Iowa State Highway Commission, 250 Iowa 1228, 98 N.W.2d 746; and Stortenbecker v. Iowa Power and Light Co., 250 Iowa 1073, 1080, 1081, 96 N.W.2d 468, 472. Some doubt had been cast upon his testimony, but this was a question of weight to be given it by the jury, and not a question of admissibility for the court."

In Comstock v. Iowa State Highway Commission, 254 Iowa 1301, 1307, 121 N.W.2d 205, it was contended that the valuation witnesses used the unacceptable unit rule. This was denied. We permitted the evidence to stand in spite of the "rather startling similarity between the conclusions of the witnesses and computations under the unit rule."

The trial court did not err in admitting this testimony of witness Hill on value after condemnation.

II. Plaintiffs claim defendant did not lay a sufficient foundation for its value witnesses, Wilbur Molison and Harold M. Wright, to express opinions of the fair market value of the property immediately before and after condemnation on July 18, 1963. Wright viewed the property in January 1963 and Molison viewed it between August 10 and 15 in 1963. Plaintiffs claim there is no showing the property was in substantially the same condition on these dates.

It would appear that one question to the owner, or someone else in a position to know, could have established that the property was in substantially the same condition at all pertinent times. No claim is made there were any substantial changes during the period involved. The question was not asked and we, therefore, have found it necessary to search the record to determine if such foundation was laid. We conclude there is sufficient evidence to permit these witnesses to express opinions on the value of the property on July 18, 1963.

Mr. Martinson testified the only basic change in the improvements between the time the property was purchased in 1959 and the condemnation was the replacement of a barn destroyed by fire with a pole barn in 1961. He identified an aerial photograph taken after the grading had been done as showing the

farm as it was at the time of condemnation except for the right-of-way. On cross-examination he admitted several photographs of the improvements correctly represented them at time of condemnation. They appear to have been taken in a series and some of them were identified by Mr. Wright as photographs he took in January 1963.

Mr. Molison visited the premises less than a month after the condemnation date, but before any work had been started. He assumed conditions of the premises were the same then as on the date of condemnation. Since this viewing was so close to the condemnation date, the jury could infer the property was in the same condition, in an absence of a showing to the contrary.

In Crist v. Iowa State Highway Commission, 255 Iowa 615, 630, 123 N.W.2d 424, we say:

"It must be remembered that, while the exact issue is the value of the condemned land at the time of, or immediately before the time of, taking, anything that reasonably bears on that question is admissible in evidence. Here we have a valuation made for the defendant for the purpose either of purchase or condemnation, one year before the actual condemnation. There is no showing that conditions had changed in the meantime; in fact, the record is to the contrary. The trial court did not abuse its discretion in admitting the evidence."

The defendant's record could and should have been much clearer on this matter about which there was no dispute, but there was sufficient foundation to make the opinion evidence admissible.

III. Plaintiffs urge the court erred in failing to strike witness Molison's testimony relating to several real-estate sales in the vicinity of the subject property on the ground that they were not comparable as a matter of law. Since Redfield v. Iowa State Highway Commission, 251 Iowa 332, 99 N.W.2d 413, 85 A. L. R.2d 96, evidence of sales of comparable property has been admissible as substantive evidence of the fair market value of the subject property. However, it must be shown that there is sufficient similarity to the subject property before such evidence is admissible. Redfield v. Iowa State Highway Commission, supra, page 342; Iowa Development Co. v. Iowa State Highway

Commission, 252 Iowa 978, 986, 990, 108 N.W.2d 487; Belle v. Iowa State Highway Commission, 256 Iowa 43, 48, 126 N.W.2d 311, 314.

Here, we do not reach the proposition urged by plaintiffs for the reason that we do not consider there is any claim the property referred to was sufficiently comparable to be considered as substantive evidence and was not admitted by the trial court as such.

One of the approaches to market value used by Mr. Molison was "comparable sales" in which sales of other land in the community are compared with the subject farm. He used the comparable sales approach "mostly to get some value on the actual farmland of sales in the immediate vicinity." He testified: "I did use those properties to get soil conditions, the lay of the land and the like of that; and in my opinion they are comparable in some areas, and for my purposes, that is what I use them for."

In overruling the motion to strike testimony referring to these land sales, the trial court said: "I don't understand the testimony to imply that he does claim they're comparables excepting as a basis of information." We agree.

Prior to the Redfield case evidence of other sales could properly be used as a foundation for opinion testimony. This is still proper. It was advisable, if not necessary, for defendant to show Mr. Molison was familiar with real-estate sales in the vicinity since he was not from Jasper County. He did not give the sales price of any of the transactions mentioned and did not indicate that he considered them comparable in the sense the word was used in the Redfield case. The other sales were clearly admissible for the purpose of laying a foundation for Mr. Molison's opinion. That was all they were offered for.

In the Belle case, 256 Iowa 43, 48, 126 N.W.2d 311, 314, we say:

"Knowledge of a witness of other sales may be and frequently is a foundation for opinion testimony, but evidence of actual sales of comparable property is now substantive evidence as distinguished from opinion testimony. * * * Evidence of comparable sales may be used to test that qualification of an opinion witness and also as substantive evidence. The difference between opinion

testimony and substantive evidence is a proper subject for a jury instruction."

The U. S. Circuit Court of Appeals discussed the admissibility of an opinion of an expert which was based in part upon sales which would not be admissible as evidence in Atlantic Coast Line R. Co. v. United States, 132 F.2d 959, 963. They said:

"When the effort is not to show the sale of other property * * * as a standard of value, but these are referred to by a witness experienced in dealing with such properties in the neighborhood and qualified to have an opinion on values, merely as things in his knowledge which contributed to the opinion which as an experienced man he holds, his opinion ought not to be rejected from evidence, but ought to go to the jury for their consideration of its reliability."

See also United States v. Certain Interests in Property, 205 F. Supp. 745, and United States v. Delano Park Homes (2 Cir.), 146 F.2d 473, 475.

Here the trial court gave an instruction on comparable sales as if both plaintiffs and defendant had introduced such evidence. There was no such evidence, at least as far as defendant was concerned, and such instruction was not proper. Wicks v. Iowa State Highway Commission, 254 Iowa 998, 1006, 119 N.W. 2d 781. However, no exceptions were taken and the question of its propriety is not before us on this appeal. It is doubtful that the giving of the instruction could have been considered prejudicial under this record.

For the reasons stated herein, we affirm the trial court.— Affirmed.

All JUSTICES concur except LARSON, J., who dissents.

LARSON, J.—I respectfully dissent and would reverse. Under this record I believe Mr. Hill's testimony should have been stricken. I also feel the evidence is unclear that Mr. Molison's testimony as to other property was not understood by the jury as substantive evidence of value. A unit value of such a

farm will far exceed its separate items of value and this record unfairly presents those elements in establishing before-and-after values.