Darrell G. **CROZIER** and Jessie M. Crozier,
Appellants,

v.

**IOWA–ILLINOIS GAS & ELECTRIC
COMPANY, Appellee.**

No. 53292.

Supreme Court of Iowa.

March 11, 1969.

Cahill, Lovelace & Poula, Iowa City, for appellants.

Shulman, Phelan, Tucker, Boyle & Mullen, Iowa City, for appellee.

STUART, Justice.

A right of way easement for high-voltage electric transmission lines was acquired

by condemnation. Plaintiffs appealed from the condemnation award of the sheriff's jury to the district court and now bring this appeal claiming the trial court erred in permitting testimony relating to "comparable sales" and that the jury verdict was inadequate and unresponsive to the instructions.

On February 7, 1966 Iowa-Illinois Gas and Electric Company condemned a right of way across 5.5 acres of plaintiffs' timber pasture. The construction and maintenance of the line required that the strip of land 180′ in width and 1346′ in length be cleared of trees and brush. No land was taken.

The timber pasture within the easement had been used for plaintiffs' unique and financially rewarding wilderness hog farrowing operation from 1964 until condemnation. Plaintiffs started improving the 10 acre timber pasture area which was sandy, steep sloped for good drainage, and tree covered with undergrowth and brush in 1962. The area was bounded by a hog-tight fence. Plaintiffs drilled wells from which water was pumped to 5 drinking tanks and rocked the waterways. There were cross fences within the area. The wilderness hog farrowing timber pasture was readily accessible from plaintiffs' buildings.

Plaintiffs' witnesses testified this method of farrowing pigs was more efficient because it produced less disease and required less labor than other farrowing methods. All witnesses agreed plaintiffs' wilderness hog farrowing operation had been destroyed by cutting the trees, clearing the underbrush, and installing the transmission lines.

Plaintiffs' valuation witnesses stated the fair market value of the Crozier farm was $30,000 to $50,000 more before condemnation than it was after condemnation. Defendant's valuation witnesses stated the difference was between $500 and $560. The sheriff's condemnation jury awarded plaintiffs $5,000 and on appeal the district court jury awarded $4,000.

The witnesses on both sides were in substantial agreement as to the valuation of plaintiffs' farm before condemnation. The almost incredible difference between plaintiffs' witnesses and defendant's witnesses as to the value after condemnation resulted from their diverging opinions as to the effect of the destruction of the wilderness hog farrowing operation on the fair market value of the farm. Plaintiffs' witnesses gave this element great importance. Defendant's witnesses gave it none. All three of plaintiffs' errors are founded upon the damages claimed as a result of the destruction of the wilderness hog farrowing operation.

I. Plaintiffs' claim the trial court erred in permitting defendant's witness Pearson to testify as to "comparable sales" without sufficient proof they were comparable. Their main contention is that neither farm sale offered as a comparable sale had such hog farrowing operation.

"Since Redfield v. Iowa State Highway Commission, 251 Iowa 332, 99 N.W.2d 413, 85 A.L.R.2d 96, evidence of sales of comparable property has been admissible as substantive evidence of the fair market value of the subject property. However, it must be shown that there is sufficient similarity to the subject property before such evidence is admissible. [Citations.]" Martinson v. Iowa State Highway Commission, 257 Iowa 687, 694–695, 134 N.W.2d 340, 344; Belle v. Iowa State Highway Commission, 256 Iowa 43, 48, 126 N.W.2d 311, 314.

"Other similar sales need not be identical but must have a resemblance in order to be shown in evidence. Size, use, location and character of the land and time, mode and nature of the sale all have a bearing on the admissibility of such evidence. Much must be left to the sound discretion of the trial court in determining whether the other properties and conditions surrounding sale thereof are sufficiently similar so evidence of such sales is admissible. [Citations]" Iowa Development Co. v. Iowa

State Highway Commission, 252 Iowa 978, 986, 108 N.W.2d 487, 492.

We must therefore turn to the evidence to determine whether the trial court abused its discretion by receiving into evidence the sale price of the farms offered as comparables.

The Crozier farm contained approximately 200 acres. One hundred sixty acres were tillable. Buildings, lots and roads accounted for about 10 acres. The remaining 30 acres were permanent pasture including the triangular tract of about 10 acres containing the hog farrowing operation, consisting of about 5.5 acres of timber pasture and the remainder bluegrass pasture.

Mr. Pearson testified the Crane farm located in a neighboring township was comparable to the Crozier farm. This 226 acre farm contained 190 acres of tillable land, 36 acres of timber pasture and a set of buildings. He also considered the Kessler farm located in the same township as the Crane farm comparable to the Crozier farm. It contained 244 acres, 159 acres were tillable and 80 acres were timber pasture.

■ We do not believe the trial court abused his discretion in allowing the sales prices of these farms into evidence. These tracts of land were sufficiently similar in size, use, location and character to the Crozier farm to make their sales prices substantive evidence of the value of the Crozier farm. It is true neither farm had a wilderness hog farrowing operation. This difference in the operation of the farms is a distinction which was properly pointed out by plaintiffs. However, this difference in operation goes to the weight and credibility of the sales as comparable rather than to their admissibility. Belle v. Iowa State Highway Commission, 256 Iowa 43, 48, 126 N.W.2d 311, 314. Evidence of the hog farrowing operation was admissible to show the suitability of the premises for such use and its effect on the

fair market value of the farm as a whole, Johnson County Broadcasting Corporation v. Iowa State Highway Commission, 256 Iowa 1251, 1253, 130 N.W.2d 707, 708–709; Ranck v. City of Cedar Rapids, 134 Iowa 563, 565, 111 N.W. 1027, 1028; but the measure of damages remains the difference in the fair market value of plaintiffs' farm immediately before and immediately after condemnation. Management ability and decisions are an important part to the operation of any farm and the fact that a farm is operated differently than the condemned farm does not render its sales price inadmissible as a comparable sale if it is otherwise sufficiently similar to the subject property.

It should also be pointed out that Mr. Pearson's testimony concerning the Kessler farm came in without objection and plaintiffs made no record on which they can question the admissibility of this evidence on appeal.

II. Plaintiffs contend the trial court erred in failing to grant a new trial because the jury verdict of $4,000 is inadequate, not supported by the evidence and not responsive to the court's instructions. We do not agree.

■ Defendant's valuation witnesses placed the damages to plaintiffs' farm at about $500. Plaintiffs' witnesses considered their loss to be $30,000 to $50,000. The jury managed to return a verdict within the range provided them by the experts. We have often recognized this fact as quite persuasive on this issue. Iowa Development Co. v. Iowa State Highway Commission, 252 Iowa 978, 995, 108 N.W.2d 487, 497; Stortenbecker v. Iowa Power & Light Co., 250 Iowa 1073, 1082, 96 N.W. 2d 468, 473.

"A condemnation case is one in which the amount allowed is peculiarly within the province of the jury, and, unless the same be shown to be so extravagant [or penurious] as to be wholly unfair and unreasonable, this court has repeatedly re-

**836**

fused to interfere with the verdict of the jury." Longstreet v. Town of Sharon, 200 Iowa 723, 727, 205 N.W. 343, 344; Crist v. Iowa State Highway Commission, 255 Iowa 615, 632, 123 N.W.2d 424, 434; Henrich v. Oppedal, 248 Iowa 509, 513, 81 N.W.2d 429, 431; Korf v. Fleming, 239 Iowa 501, 523, 32 N.W.2d 85, 97, 3 A.L.R. 2d 270. The cited cases all involved claimed excessive verdicts hence the bracketed words are inserted. Of course, the same test applies whether it is claimed the verdict is excessive or inadequate.

Plaintiffs argue there was absolutely no basis in the evidence for a verdict of $4,000 and the amount was fixed arbitrarily by the jury. The reasoning seems to be that the jury would have to return a verdict close to $500 on the theory of defendants' value witnesses that the wilderness hog farrowing operation had no effect on the market value of the farm or adopt the theory of plaintiffs' value witnesses, that such operation greatly affected the value of the farm and return a verdict close to $30,000. We do not believe these are the only two alternatives available.

The jury was instructed in accordance with our cases and without objection that they were permitted to weigh and judge the soundness of the witnesses' testimony in the light of their own experience and common knowledge. Belle v. Iowa State Highway Commission, 256 Iowa 43, 49, 126 N.W.2d 311, 314–315; Larew v. Iowa State Highway Commission, 254 Iowa 1089, 1093, 120 N.W.2d 462, 464. The jury could and evidently did conclude the use Mr. Crozier made of the timber pasture did affect the value of the farm but not to the extent he and his witnesses claimed. We do not believe the fact the award was about eight times the damages set by defendant's witnesses and ⅛th that set by plaintiffs' witnesses leaves it without support in the record. We do not believe the verdict here was the result of passion and prejudice.

III. Plaintiffs asked for a new trial on the grounds discussed in the prior divisions. The trial court has wide discretion in ruling on a motion for new trial. Larew v. Iowa State Highway Commission, 254 Iowa 1089, 1094, 120 N.W.2d 462, 464– 465. In view of our holdings above, it is apparent we believe his discretion was not abused in the instant case.

For the reasons stated this case is affirmed.

Affirmed.

All Justices concur.