Howard E. TAYLOR, D.C. Wirtz, and H.O. Chitwood, Plaintiffs-Appellees,

v.

CITY OF DES MOINES, IOWA, County of Polk, Iowa and State of Iowa, Defendants-Appellants.

No. 2–68709.

Court of Appeals of Iowa.

June 28, 1983.

Nelda Barrow Mickle and Mary G. Hellweg, Asst. City Attys., Des Moines, for defendants-appellants.

Robert E. Dreher and Dick L. Jensen of Dreher, Wilson, Adams, Jensen, Sayre & Gribble, Des Moines, for plaintiffs-appellees.

Heard by OXBERGER, C.J., and DONIELSON, SNELL and SCHLEGEL, JJ., HAYDEN, J., takes no part.

DONIELSON, Judge.

Defendant condemnor, the City of Des Moines, appeals from the trial court's judgment pursuant to a jury verdict in favor of the condemnees on their appeal from an award by a condemnation commission for their property. The city claims that the trial court erred in admitting as a comparative sale evidence of a negotiated sale of land between a seller who knew that a public body has determined to acquire the land for a public purpose and that body which has the power of eminent domain, asserting that such a sale was not a sale between a willing seller and a willing buyer and that the evidence should not be used for determining the fair market value of the property in dispute. We affirm.

On December 22, 1979, the City of Des Moines filed an application to acquire and condemn a fee simple interest in property owned by a corporation owned in turn by the plaintiffs. A condemnation commission convened on January 18, 1979, and awarded $233,000 to the plaintiffs for their fee simple interest. On January 26, the plaintiffs filed a notice of appeal to the district court pursuant to Iowa Code § 472.18.

During the course of the trial, the plaintiffs introduced as evidence of a comparative sale the acquisition of property by the Des Moines school district for the King School. Gerald Robinson, a real estate agent for the school district, testified that the site for the King School was decided upon by the Des Moines school district after public meetings attended by residents of the area. Subsequently, appraisals were made on each of the 54 properties in the area to be acquired. The acquisition process lasted from mid-1971 to the early part of 1973. Robinson testified that all purchases were by negotiation, that no threat of condemnation was present, no coercion or duress applied and the only compulsion was the school district's wish to acquire the ground. Robinson admitted that there was one hold-out owner and that the school district was ready to begin formal condemnation proceedings on the property in question but the owner named a price agreeable to the district and sold his property before this occurred. There was evidence that settlement was made within five percent of the appraisals on the various properties involved in the acquisition. The property involved in the King acquisition was pur-

chased at $2.10 a square foot. The city objected to evidence concerning this acquisition on the basis that there was no showing that there was an arm's length transaction.

Murray Work, a witness for the plaintiffs, testified that he determined the fair market value of the property to be at $393,154. Work testified that he used as comparative sales in reaching this evaluation the King school acquisition and certain property purchased by Farm Bureau and Palmer Broadcasting. The Farm Bureau property was purchased at $3.78 per square foot and the Palmer Broadcasting property was purchased at $3.80 per square foot. Arthur J. Frahm, a witness for the plaintiffs, appraised the fair market value of their property at $308,000, using as comparative sales the Farm Bureau and Palmer Broadcasting transactions and two other properties. One of the plaintiffs testified that the value of the property was $400,000. Witnesses for the city testified that the plaintiffs' property was worth $228,000.

The jury found that plaintiffs' property was worth $356,446.90. Since the condemnation commission had made an award of $233,000, judgment was entered in plaintiffs' favor for the difference, or $123,446.90. The city's motion for new trial was overruled and this appeal followed.

■ In determining condemnation awards, evidence of comparable sales is admissible as substantive evidence of value. *Business Ventures v. Iowa City,* 234 N.W.2d 376, 384 (Iowa 1975). To be considered comparable, a sale must be between a willing buyer and a willing seller. *Socony Vacuum Oil Co. v. State,* 170 N.W.2d 378, 382 (Iowa 1969). A sale between a condemnor and a condemnee is generally not considered a comparable sale because of the elements of compromise and/or compulsion which may be involved. *Id.; see also Jones v. Iowa State Highway Commission,* 259 Iowa 616, 619, 144 N.W.2d 277, 279 (1966). Defendant claims that the evidence concerning the sale to King School falls within this prohibited category because the school district had the power of eminent domain

which would have been used to obtain the last hold-out property in any event.

Other jurisdictions make an exception to this rule of inadmissibility and hold that evidence of sales to instrumentalities having the power of eminent domain is admissible where there is a showing that the sale was in fact voluntary and free of duress or threats of imminent use of the condemnation power. *See, e.g. United States ex rel. T.V.A. v. Easement and Right of Way,* 405 F.2d 305, 307 (6th Cir.1968); *Board of Public Buildings v. GMT Corporation,* 580 S.W.2d 519, 523–24 (Mo.Ct.App.1979). Our supreme court has not yet decided whether to adopt this exception. We believe the King School sale would be admissible under this exception. The record contains uncontroverted evidence that the sales to the school district were voluntarily made. Each owner sold willingly and was not coerced to sell by threats of condemnation. Out of the 54 parcels, there was only one owner who held out for a time; even he, however, eventually named a price acceptable to him which was accepted in turn by the district. Although the district intended to use its eminent domain power if necessary, there is no evidence that the district informed the owners of this intent or in any way threatened to condemn their properties.

■ We need not decide, however, whether we should adopt this exception to the general exclusionary rule enunciated in the *Socony Vacuum* and *Jones* cases cited above. Even if evidence of this sale to the school district is inadmissible under the general rule, reversal is not required if the evidence is not prejudicial. *See Jones,* 259 Iowa at 620, 144 N.W.2d at 279. We believe that any error in the admission of the King School sale was harmless. The jury determined the value of plaintiffs' property in this case to be $3.70 per square foot ($356,446.90 for 96,337 square feet). The two other comparable sales introduced into evidence (whose admissibility was not challenged) involved the Farm Bureau property, purchased for $3.78 per square foot, and the Palmer Broadcasting property, which was

purchased for $3.80 per square foot. On the other hand, the King School property, whose admissibility defendant challenges, was purchased by the school district for $2.10 per square foot. Defendant's protestations notwithstanding, we believe it is clear that the jury gave little if any weight to the King School comparable sale in determining the value of plaintiffs' land. Rather, a comparison of the various comparable sales indicates that the jury apparently considered the subject property to be very similar to the Farm Bureau and Palmer Broadcasting properties and valued plaintiffs' property accordingly. Under these circumstances, we conclude that the trial court did not commit reversible error in admitting the evidence regarding the King School property.

The judgment of the trial court is affirmed in all respects.

AFFIRMED.