### The FEDERAL LAND BANK OF OMAHA, Appellee,

v.

### Larry K. SLEISTER and Patricia A. Sleister, Husband and Wife, and Waterford Energy, Inc. f/k/a Funk Exploration, Inc., Appellants.

### No. 88–1001.

Supreme Court of Iowa.

Aug. 16, 1989.

Jonathan M. Kimple of McDonald, Brown & Kimple, Dallas Center, for appellants.

Rodney P. Kubat and Mark V. Hanson of Whitfield, Musgrave & Eddy, Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and NEUMAN, JJ.

LARSON, Justice.

In April 1983, Larry K. Sleister and Patricia A. Sleister mortgaged their 120–acre Guthrie County farm to the Federal Land Bank of Omaha. In March 1986, Sleisters filed a chapter 7 petition in bankruptcy, but the trustee abandoned any claim to the land. In August 1987, Federal Land Bank filed a foreclosure action, and a receiver was appointed.

A summary judgment of foreclosure was entered on February 1, 1988, and a sheriff's sale of the whole 120 acres was scheduled for June 2, 1988. On May 13, 1988, Sleisters filed a motion to determine the

fair market value of the forty acres on which they lived so they could redeem it separately as provided by Iowa Code section 654.16 (1987). Following a hearing, the district court determined the fair market value of the homestead to be $39,750. It denied Sleisters' request that this value be reduced by the amount of real estate taxes advanced on the property and required as a condition of redemption that Sleisters pay interest accrued from the date of sale as provided by Iowa Code section 628.13. Sleisters appeal, claiming error on both the tax and interest issues. We affirm.

Iowa Code section 654.16 (1987) provided for a separate redemption of a homestead in this language:

If a foreclosure sale is ordered on agricultural land used for farming, as defined in section 175.2, the mortgagor may, by a date set by the court but not later than ten days before the sale, designate to the court the portion of the land which the mortgagor claims as a homestead. The homestead may be any contiguous portion of forty acres or less of the real estate subject to the foreclosure. The homestead shall contain the residence of the mortgagor and shall be as compact as practicable.

If the homestead is not sold separately, but rather is sold in conjunction with the nonhomestead property in order to satisfy the judgment, the court shall determine the fair market value of the homestead. The court may consult with the county appraisers appointed pursuant to section 450.24 to determine the fair market value of the homestead. The mortgagor may redeem the homestead separately by tendering the fair market value of the homestead pursuant to chapter 628.

(This section has been modified in the 1989 Code, but the changes are not relevant to this case.)

Before the separate redemption provisions of section 654.16 were added by amendment in 1986, a farm owner had no means of redeeming a homestead separately; if it was sold at foreclosure sale with nonhomestead land, the owner would have to redeem all of the land to redeem the homestead. In many cases, redemption of the whole farm would be virtually impossible, meaning the owners would not only lose their means of livelihood but their homes as well. The 1986 amendment ameliorated that problem by allowing separate redemption of the homestead at its fair market value as set by the court. Up to forty acres may be included in the homestead. Iowa Code § 654.16.

Sleisters argue that the purpose of this amendment was broader than merely to allow separate redemption of the homestead; they contend it also allows an owner to redeem it free of accrued taxes and interest. In making this argument, Sleisters concede that section 654.16 does not expressly provide for exclusion of these items and that under our general redemption statutes an owner would be required to pay both accrued interest, Iowa Code § 628.13, and all protective advancements for real estate taxes, Iowa Code §§ 629.1, 629.2. Sleisters argue, however, that section 654.16 changes these general rules by implication when a farm owner redeems a homestead.

In pursuing their argument as to the taxes, Sleisters point to the language of section 654.16 which provides that the owner of a homestead may redeem it by paying its "fair market value" as determined by the court. Sleisters contend this means the value as determined after reduction for real estate taxes. Federal Land Bank argues, and the district court held, that fair market value has a well-established meaning which we have said is "the price a willing buyer under no compulsion to buy would pay and a willing seller under no compulsion to sell would accept." *Jones v. Iowa State Highway Comm'n*, 259 Iowa 616, 622, 144 N.W.2d 277, 280 (1966). Both appraisers testifying in district court, including Sleisters' own appraiser, testified that fair market value does not take into account such items as unpaid taxes. The district court agreed.

█ Section 654.16 provides that the court may call on inheritance tax appraisers to determine fair market value. The inheritance tax chapter provides that real

property is to be taxed at "[t]he fair market value of the property in the ordinary course of trade...." Debts such as taxes are not deducted to determine fair market value but are deducted before imposition of the tax under a separate provision found in section 450.12. Similarly, we believe fair market value under section 654.16 is to be determined without regard to accrued taxes.

Sleisters argue that requiring them to pay taxes would be a windfall to Federal Land Bank, because if nobody redeemed and Federal Land Bank sold the property to a third party, it would have to pay the taxes in order to clear the title. It is difficult to say, however, that Federal Land Bank would receive a windfall if Sleisters are required to pay the taxes which they have themselves incurred.

The key issue, it seems, is not who might get a windfall under a particular interpretation but whether section 654.16 provides an exception to the general requirement of sections 629.1 and 629.2 that a redeeming owner pay the taxes. We believe that if the legislature had intended to make such an exception it would have said so. No such intent is apparent in section 654.16, or in this statement of purpose accompanying the 1986 amendment, which stated that it is:

> AN ACT relating to certain loans, debts and obligations, by providing for the separate redemption of a homestead, delaying the enforceability of certain deficiency judgments or general executions related to obligations secured by agricultural land, providing for certain exemptions from execution and garnishment, providing for the eligibility of certain types of real estate for a foreclosure continuance, providing time limits for applying for a foreclosure continuance and for the term of a foreclosure continuance, providing immediate foreclosure continuance eligibility to real estate used for small business, providing an extension of time under the current declaration of economic emergency, extending the period for grants under the agricultural assistance program, and providing an effective date.

1986 Iowa Acts ch. 1216 (statement of purpose).

We conclude that taxes on homesteads redeemed separately under section 654.16 (1987) are required by sections 629.1 and 629.2 to be paid by the redeeming owner. The issue remains whether they must pay interest accrued after the sale, as required by section 628.13.

When section 654.16 is put into practical application, it becomes apparent that Sleisters' argument regarding both the waiver of taxes and the shifting of the burden of accrued interest cannot prevail. Assume mortgagors "A" and "B" owned and mortgaged eighty and forty-acre farms, respectively. Both mortgages are foreclosed, and sheriff's sales are set on both of them. "A" desires to redeem a forty-acre homestead out of his eighty acres, and he serves notice under section 654.16 of his intention to do so.

"B", on the other hand, claims his whole forty acres as a homestead. Section 654.16 would be inapplicable to "B" because in its 1987 version it applied only if homestead and nonhomestead land were to be sold together, and that would not be the case with "B". Because "B" would not be covered by section 654.16, the general rules of redemption would apply, and he would have to pay both taxes and interest. "A", who is covered by section 654.16, would be relieved from payment of both of them. We do not believe such disparate treatment was intended by the legislature.

Sleisters argue that the case of *Federal Land Bank v. Arnold*, 426 N.W.2d 153 (Iowa 1988), is authority for their position in regard to the interest issue. In *Arnold*, we were concerned about the effect of section 654.16 under the impairment of contract provisions of the United States Constitution. We said that

> [u]nder the amendment [to section 654.16], which allows the redemption amount to be changed to fair market value at some unspecified time after sale but before expiration of the redemption period, it appears that any interest accruing on the bid amount would be lost to the mortgagee or other successful bidder.

*Id.* at 161. The matter of accrued interest was not involved as an issue in *Arnold*.

The language quoted above was dictum and was set out only to reinforce the holding of the court on other grounds concerning the impairment of contract argument.

In *Hawkeye Bank & Trust, N.A. v. Milburn*, 437 N.W.2d 919 (Iowa 1989), the question was whether owners of farmland covered by section 654.16 would, under section 628.4, lose their right of redemption by obtaining a stay of execution. As in the present case, one of the issues was whether 654.16 replaced specific provisions of redemption law in chapter 628. We held that it did not, that section 654.16 and chapter 628 were to operate together as an "overall scheme of redemption," and that

> [b]y the inclusion of the provisions of chapter 628 [in section 654.16], the legislature expressed its intent to include the redemption of farm homesteads under the general provisions of redemption of real estate contained in chapter 628.

*Id.* at 923.

We believe the effect of section 654.16 in this case is to permit separate determination of value and separate redemption of a homestead, but any redemption of the homestead must include payment for interest and advanced taxes under Iowa Code chapters 628 and 629. Accordingly, we affirm the district court.

AFFIRMED.