**FEDERAL LAND BANK OF OMAHA,
A Corporation, Appellant,**

v.

**Bill A. BRYANT and Marlyss Bryant,
Husband and Wife; First Trust & Savings Bank; Dale Magnussen; and Cherokee County, Iowa, Appellees.**

No. 88–1837.

Supreme Court of Iowa.

Sept. 20, 1989.

As Corrected Sept. 25, 1989.

Thomas Lehan, Omaha, Neb., and H. Dale Huffman, Storm Lake, for appellant.

J.R. Miller of Miller, Miller, Miller, Green & Miller, Cherokee, for appellees Bill A. Bryant and Marlyss Bryant.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN and ANDREASEN, JJ.

LARSON, Justice.

This is another unfortunate case of a foreclosure on a family farm. Bill and Marlyss Bryant, former owners of a 120–acre farm in Cherokee County, designated 4.58 acres of land as their homestead for separate redemption purposes. *See* Iowa Code § 654.16 (1986), as amended by 1987 Iowa Acts ch. 142, §§ 4, 5. Disputes arose between Bryants and the Federal Land Bank of Omaha (the land bank), which had purchased the homestead at sheriff's sale, regarding the amount necessary to redeem. The district court determined the fair market value, for redemption purposes, to be $55,000 and ruled that Bryants would not be required to pay other additional costs in order to redeem it. The land bank appealed, and we now reverse and remand.

The facts are not in dispute. Bryants mortgaged their farm to the land bank in 1983. In 1987, foreclosure proceedings began, and a summary judgment and decree of foreclosure was entered on September 21, 1987. Before the sheriff's sale, Bryants designated the 4.58 acres which they chose to redeem as a homestead under Iowa Code section 654.16. At the sheriff's sale on November 17, 1987, the land bank bid $74,500 for the homestead and $132,500 for the balance of the farm. A substantial deficiency judgment still remained.

When Bryants and the land bank could not agree on what additional payments

would be required in addition to the $55,000 in order to redeem, Bryants filed an application for the court to resolve the issue. Specifically, Bryants asked the court to decide whether they must pay (1) delinquent taxes; (2) accrued interest from the date of the sheriff's sale; (3) court costs and fees; and (4) rental on the homestead, which they had occupied throughout the foreclosure and sale proceedings.[1] Neither party has challenged the court's determination of fair market value.

### I. *Real Estate Taxes.*

Iowa Code section 629.1 allows the holder of a sheriff's certificate, such as the land bank here, to make protective advancements by payment of real estate taxes and section 629.2 requires a redeeming party to reimburse those amounts. The issue here is whether an owner redeeming a homestead under section 654.16 is bound by section 629.2.

Section 654.16, as it was amended in 1987, provided in relevant part:

If a foreclosure sale is ordered on agricultural land used for farming, as defined in section 175.2, the mortgagor may, by a date set by the court but not later than ten days before the sale, designate to the court the portion of the land which the mortgagor claims as a homestead. The homestead may be any contiguous portion of forty acres or less of the real estate subject to the foreclosure. The homestead shall contain the residence of the mortgagor and shall be as compact as practicable.

If the designated homestead is sold at a foreclosure sale in order to satisfy the judgment, the court shall determine the fair market value of the designated homestead. The court may consult with the county appraisers appointed pursuant to section 450.24, or with one or more independent appraisers, to determine the fair market value of the designated homestead.

The mortgagor may redeem the designated homestead by tendering the fair market value, as determined pursuant to this section, of the designated homestead at any time within two years from the date of the foreclosure sale, pursuant to the procedures set forth in chapter 628. However, this paragraph shall not apply to a member institution which has purchased a designated homestead at a foreclosure sale.

The 1987 amendment was made applicable to all sales which occurred on or after June 4, 1987. Iowa Code § 654.16 (1989) (second-to-last unnumbered paragraph).

■ The district court ruled that, because section 654.16 does not expressly require a redeeming owner to reimburse the owner of the sheriff's certificate for the taxes, this must not have been its intent. In *Federal Land Bank of Omaha v. Sleister*, 444 N.W.2d 504 (Iowa 1989), however, we held just the opposite—that because section 654.16 does not make an express exception to the general rule on protective advancements, sections 629.1 and 629.2 control. An owner redeeming under section 654.16 is therefore required to pay protective advancements for taxes. *Sleister*, 444 N.W.2d at 506. *Sleister* is controlling on this issue.

In the present case, there is one additional question: how much of the total taxes on the forty acres must be attributed to the homestead. That issue was not reached in *Sleister* because there the owner was seeking to redeem the whole forty acres, and the taxes owed on the forty acres were established in the record. In this case, no separate tax figures have been provided for the 4.58 acres designated as the homestead. Taxes on the forty acres in which the homestead is included were $2243 for the 1986–87 tax year and $1964 for the 1987–88 year. It was, of course, not necessary for the district court to establish the amount of taxes attributable to the homestead because it ruled that Bryants were not liable for taxes at all.

---

**1.** The question of any rental to be paid by Bryants for their continued occupancy of the homestead, which was originally presented to the district court, is not raised as an issue on appeal.

We conclude that the amount of taxes must be added to the amount of fair market value established by the court in order to redeem. Here, the amount of taxes on the 4.58 acres should be determined by the district court following remand with assistance, if necessary, from the county auditor and assessor.

## II. *Interest.*

*Sleister* also controls the issue of whether redeeming owners must pay interest accrued on the homestead from the date of the sheriff's sale. We held in *Sleister* that they did because section 628.13, which applies to redemptions in general, requires it. A question remains, however, as to what interest rate should be applied. The district court did not rule on this point because it decided that no interest was payable.

Section 628.13 requires payment of interest "at contract rate" from the date of sale, but the problem is that Bryants' note provided for a variable rate, and the rates fluctuated substantially from the time of the filing of the foreclosure petition until the time of the proposed redemption. Bryants argue that, since the fluctuating interest rate is considerably lower now than at the time of the foreclosure filing, they should have the advantage of the lower rate. The land bank argues that the rate at the time of foreclosure controls. We apparently have no cases on point.

In cases involving redemption after foreclosure of *fixed*-rate mortgages, we have held that the mortgage rate, not the statutory judgment rate of interest, prevailed, and a redeeming party was required to pay interest at that rate until the time of redemption. *See, e.g., Waterloo Sav. Bank v. Carpenter,* 233 Iowa 671, 678, 9 N.W.2d 818, 821 (1943). We believe there should be no difference whether a borrower redeemed under a variable rate loan or one with a fixed rate; interest runs from the date of the note until redemption at the rate provided for in the note. Interest should be computed in the same manner as it would if Bryants were simply paying off the loan; in other words, it should be computed at the variable rate until the date of redemption.

In summary, we reverse and remand for a determination of the amount of real estate taxes attributed to the 4.58-acre homestead and of the interest due at the variable rate to the time of redemption. Costs in district court, including attorney fees which were challenged by Bryants on the ground that section 654.16 relieved them of paying costs, should be taxed to Bryants.

This disposition makes it unnecessary to consider the land bank's argument that section 654.16, as construed by the district court, is unconstitutional as an impairment of the obligation of contract.

REVERSED AND REMANDED.